# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41494
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL FRANCIS GRIMM,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CR-10-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Paul Francis Grimm was convicted of one count of transporting a minor in interstate commerce with the intent to engage in criminal sexual activity, and he received an above guidelines sentence of 183 months in prison and a ten-year term of supervised release. Now, Grimm argues that his sentence is substantively unreasonable because the district court erred when balancing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41494

the relevant sentencing factors by giving too much weight to the need for the sentence imposed to provide deterrence and rejecting his assertions of remorse.

Because Grimm did not object to his sentence, his arguments are reviewed for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish reversible plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). This showing has not been made.

If the district court has imposed a sentence that deviates from the guidelines range, reasonableness review requires that this court evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in 18 U.S.C. § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708.

The district court's extensive remarks show that it gave due consideration to the § 3553(a) factors and committed no error when balancing them. *See Smith*, 440 F.3d at 708. Grimm's challenge to the district court's credibility finding vis-à-vis his attestations of remorse is unavailing. *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010).

AFFIRMED.